UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KATHERINE MILLER, on behalf of herself and a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>JERRY ERWIN ASSOCIATES, LLC,<br><br>Defendant. | Case No. 2021-cv-1043<br><br>CLASS ACTION |

**DEFENDANT JERRY ERWIN ASSOCIATES, LLC'S**
<u>**NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, 1446 and 1453(b), Defendant Jerry Erwin Associates LLC ("JEA"), by its attorneys, gives notice of removal of this action from the Circuit Court of Champaign County, Illinois to the United States District Court for the Central District of Illinois, Urbana Division.

**I. Factual Background**

1. On December 21, 2020, Plaintiff Katherine Miller ("Plaintiff") filed a Class Action Complaint ("Complaint") in the Circuit Court of Champaign County, Illinois, styled *Katherine Miller v. Jerry Erwin Associates LLC*, No. 2020-L-000186 (Cir. Ct. Champaign County, Illinois). Plaintiff's Complaint named JEA as a defendant and was served on JEA on December 31, 2020. A copy of all process, pleadings, and orders served upon JEA with respect to this action are attached as Exhibit A to the Declaration of Mary A. Smigielski, attached hereto as Exhibit 1.

2. A true and correct copy of the Circuit Court of Champaign County docket as of January 25, 2021 is attached as Exhibit B to the Declaration of Mary A. Smigielski, Ex. 1. The

remainder of the Champaign County Court file as of January 25, 2021 is attached as Exhibit C to the Declaration of Mary A. Smigielski, Ex. 1.

3. Plaintiff's Complaint alleges that JEA purportedly has violated Sections 15(a), 15(b) and 15(e) of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.* ("BIPA") by: (1) failing to institute, maintain and adhere to a publicly available retention schedule for biometric identifiers or biometric information in violation of 740 ILCS § 14/15(a); (2) failing to obtain informed consent before obtaining biometric identifiers or information in violation of 740 ILCS § 14/15(b); and failing to store and maintain biometric in a manner consistent with the reasonable standard of care within its industry in violation of 740 ILCS § 14/15(e). *See* Compl. at ¶¶ 36-38. Plaintiff thus purportedly alleges three violations of BIPA and seeks in two separate counts to recoup liquidated damages for each reckless or negligent violation of the statute, Compl. at ¶¶ 39-40 (Count I), and also seeks injunctive relief under the statute to compel JEA to comply with BIPA. Compl. at ¶¶ 44-48 (Count II).

4. Plaintiff's claims are premised on the same underlying operative factual allegations, namely that Plaintiff worked for JEA and that "JEA [] required certain employees to scan their fingerprints in order to clock in and out at JEA [] jobsites," *id.* at ¶ 19, that "JEA [] recorded and stored certain employees' fingerprint biometrics using fingerprint-scanning computer technology," *id.* at ¶ 20, and that "JEA [] did not inform either Plaintiff or class members the specific purpose and length of the term for which their biometric data would be collected, stored and/or used." I*d.* at ¶ 24. Further, Plaintiff alleges JEA "did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff and class members' biometric data." *Id.* at ¶ 26.

5.    Based on these and other factual allegations in the Complaint, Plaintiff asserts claims for reckless, or, alternatively, negligent violations of BIPA and seeks declaratory and injunctive relief as well as statutory damages, attorneys' fees and costs. *Id.* at ¶¶ 36-38; *see also id.* at p. 9, Prayer for Relief, subparts A-J. Plaintiff specifically alleges that she is entitled to $5,000 for "each willful and/or reckless violation" of BIPA and seeks a declaration "[d]eclaring that Defendant's conduct violated the Act." *Id.* at p. 9, Prayer for Relief, subparts C, G. Plaintiff seeks to represent a class of similarly situated individuals comprising:

> All individuals who are (1) Illinois citizens and (2) whose fingerprints Defendant collected or stored.

*Id.* at ¶ 31.

6.    Plaintiff alleges she is a citizen if Illinois. *Id.* at ¶ 12 Plaintiff further alleges that she worked for JEA from approximately 2016 to late 2018. *Id.* at 27.

7.    Plaintiff alleges JEA is a "private, for-profit corporation organized under the laws of Washington." *Id*. at ¶ 16.

8.    JEA is in fact a Washington limited liability company that has its principle place of business located in Vancouver, Washington. *See* Declaration of Alisa Clark at ¶ 3, attached as Exhibit 2. As a limited liability company, JEA's lone member is JEA Holdco, Inc., a Washington corporation with its principle place of business located in Vancouver, Washington. *Id*.

## II. Removal is Proper As This Court Has Diversity Jurisdiction

9.    Removal is proper under 28 U.S.C. § 1332(a) because complete diversity between the parties exists, and the amount of damages in question exceeds the $75,000.00 threshold.

10.    District courts have jurisdiction over cases in which the parties are citizens of different states and the amount in question exceeds $75,000.00. 28 U.S.C. § 1332(a). "The citizenship of a limited liability company for diversity jurisdiction purposes is the citizenship of

3

each of the limited liability company's members." *Mathes v. Bayer Corp.*, No. 09-cv-630, 2009 U.S. Dist. LEXIS 75048 *9 (S.D. Ill. August 24, 2009); *see also Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (for purposes of diversity jurisdiction, a limited liability company is treated like a partnership and takes on the citizenship of all members). A human being is a citizen of the state of his domicile—the state she considers her permanent home. *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991)). A corporation is deemed to be a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

11.     Here, JEA is a Washington limited liability company, and its lone member is a corporation organized and headquartered in Washington. *See* Clark Dec. at ¶ 3, Ex. 2. JEA is, therefore, a citizen of Washington. As alleged by Plaintiff, she is a citizen of Illinois, Compl. at ¶ 12, and is thus a citizen of Illinois for purposes of analyzing diversity jurisdiction. Accordingly, JEA and Plaintiff are citizens of different states, and complete diversity between the parties exists.

12.     This case also satisfies the minimum amount in controversy threshold of $75,000.00. *See* 18 U.S.C. 1332(a). Plaintiff asserts at least three violations of BIPA and seeks to recover $5,000 in damages for each reckless violation of the Act. Compl. at ¶ 36-38 (alleging violations of Sections 15(a), 15(b) and 15(e) of BIPA; *see also id.* at p. 9, Prayer for Relief Subsection C (seeking $5,000.00 in liquidated damages "for each" willful and/or reckless violation of the Act). Plaintiff alleges she worked for JEA for two years, *id.* at 27, and that JEA collected biometrics in violation of the Act each time she clocked in and out of work. *Id.* at ¶ 19.

13.     Thus if Plaintiff prevails on her claims as alleged ($5,000 for each reckless violation at two "scans" per day -- one clocking in and one clocking out or $10,000 per day -- for a two year time period) plus compensation for other alleged violations of Section 15(a), 15(b) and

15(e) of the Act plus attorneys' fees and costs, Plaintiff's individual claims are well in excess of the $75,000.00 threshold required for diversity jurisdiction. *See, e.g., Cothron v. White Castle System*, No. 19 CV 00382, 2020 U.S. Dist. LEXIS 141391 (N.D. Ill. Aug. 7, 2020) (holding "per scan" violation theory of damages under BIPA is plausible). Accordingly, the amount in controversy far exceeds the $75,000.00 jurisdictional threshold, complete diversity between the parties exist, and this Court has diversity jurisdiction over this case under 18 U.S.C. § 1332(a).

### III. Removal is Also Proper Pursuant to the Class Action Fairness Act ("CAFA)

14.     Plaintiff's claims are also removable because the Class Action Fairness Act ("CAFA") provides the United States District Court for the Southern District of Illinois with jurisdiction. *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over private class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all claims and exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). Each of these requirements is met in the instant litigation.

**A.    Minimal Diversity.**

15.     Minimal diversity exists under CAFA because Plaintiff and JEA are citizens of different States.

16.     Here, JEA is a Washington limited liability company, and its lone member is a corporation organized and headquartered in Washington. *See* Clark Dec. at ¶ 3, Ex. 2. As alleged by Plaintiff, she is a citizen of Illinois, Compl. at ¶ 12, and is thus a citizen of Illinois for purposes of analyzing diversity jurisdiction. Accordingly, JEA and Plaintiff are citizens of different states, and complete diversity between the parties exists.

17.     Minimal diversity therefore exists under the 28 U.S.C. § 1332(d)(2)(A). *See, e.g., Jarman v. Am. Traffic Sols., Inc.*, No. 19-cv-204, 2019 U.S. Dist. LEXIS 84522 at *6 (N.D. Ill. May 20, 2019) (finding minimal diversity existed under CAFA where the plaintiff was a citizen of Illinois and the corporate defendant was incorporated in Kansas with its principal place of business in Arizona).

### B.     Number of Class Members

18.     Plaintiff seeks to bring this action on behalf of "[a]ll individuals who had their fingerprints collected, captured, received or otherwise obtained and/or stored by Defendant in the state of Illinois." Compl. at ¶ 31.

19.     Upon a review of its personnel records, JEA's Vice President of Human Resources and Employee Relations estimates that the putative class Plaintiff seeks to represent comprises at least 200 individuals who used the timeclock in the last five years. *See* Clark Dec. ¶ 6, Ex. 2.

20.     Based on Plaintiff's allegations and Ms. Clark's investigation of the claims made in Plaintiff's Complaint, the Court can properly infer that the proposed class consists of more than 100 members and thus satisfies CAFA's requirement that the proposed class exceeds 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

### C.     Amount in Controversy

21.     Plaintiff seeks an amount in controversy in excess of $5 million. *See* 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated." *See* U.S.C. § 1332(d)(6). While Plaintiff has not alleged a specific amount of damages, CAFA's amount in controversy threshold is met here based on Plaintiff's allegations and the overall damages sought.

22. As stated above and in her Complaint, Plaintiff alleges at least three reckless violations of BIPA per class member and seeks $5,000.00 in damages for each reckless violation of the Act. *See* Compl. at ¶¶ 36-38 (alleging violations of Section 15(a), 15(b) and 15(e) of the Act); *see also id.* at p. 9, Prayer for Relief subpart C. Assuming Plaintiff prevails on all three claimed violations, as well as two violations per day (*i.e.*, each time Plaintiff or a member of the putative class clocked in/out for work), and that Plaintiff and the class recover $5,000.00 per reckless violation, statutory damages alone in this case would be well in excess of CAFA's $5 million threshold mandate, not to mention that Plaintiff also seeks attorneys' fees and costs. *See, e.g.*, *Cothron v. White Castle System*, No. 19 CV 00382, 2020 U.S. Dist. LEXIS 141391 (N.D. Ill. Aug. 7, 2020) (holding "per scan" violation theory of damages under BIPA is plausible); *Appert v. Morgan Stanley*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Bloomberg v. Service Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."); *Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible").

### IV. Compliance with Removal Statute

23. This Notice of Removal was properly filed in the United States District Court for the Central District of Illinois, because the Circuit Court of Champaign County, Illinois is located in this federal judicial district. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

24. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

25. The Complaint was served on JEA on December 31, 2020. *See* Declaration of Mary A. Smigielski at ¶ 3, Ex. 1. Accordingly, this Notice of Removal is timely filed within 30 days of service of the Complaint, pursuant to 28 U.S.C. § 1446(b).

26. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon JEA, as well as all those filed in this action, are attached as Exhibits A, B and C to the Declaration of Mary A. Smigielski, Ex. 1.

27. Pursuant to 28 U.S.C § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Circuit Court of Champaign County, Illinois today.

28. JEA is the only named defendant in this lawsuit.

### V. Conclusion

29. Defendant Jerry Erwin Associates LLC respectfully requests this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Champaign County, Illinois.

Dated: January 29, 2021 Respectfully submitted,

/s/ Mary A. Smigielski

Mary A. Smigielski
mary.smigielski@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 W. Adams St., Ste. 500
Chicago, Illinois 60661
Phone: (312) 345-1718 / Fax: (312) 345-1778

*Counsel for Jerry Erwin Associates, LLC*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on January 29, 2021, she caused to be filed the foregoing Notice of Removal and corresponding exhibits with the Clerk of the Court for the Central District of Illinois using the CM/ECF and that she caused to be served true and correct file-stamped copies of the documents to counsel listed below by email.

> Roberto Costales
> William H. Beaumont
> BEAUMONT COSTALES LLC
> 107 W. Van Buren Street, Suite 209
> Chicago IL 60605
> rlc@beaumontcostales.com
> whb@beaumontcostales.com
>
> *Counsel for Katherine Miller*

/s/ Mary A. Smigielski