UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KATHERINE MILLER, on behalf of herself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JERRY ERWIN ASSOCIATES, LLC and AMBER GLEN, LLC,<br><br>Defendants. | Case No. 2021-cv-1043<br><br><br>FIRST AMENDED CLASS ACTION COMPLAINT |

Plaintiff Katherine Miller files the following First Amended Class Action Complaint against Defendants Jerry Erwin Associates LLC and Amber Glen LLC:

## NATURE OF THE ACTION

1. This is an action by Katherine Miller ("Plaintiff") on behalf of herself and a class of similarly situated individuals ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2. Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of the Defendants, Jerry Erwin Associates LLC and Amber Glen, LLC ("Defendants").

3. As past and present employees of Defendants, Plaintiff and class members were required to provide Defendants with their personalized biometric indicators and the biometric information derived therefrom ("biometric data"). Specifically, Defendants collect and store their employees' fingerprints and requires all the employees to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine.

4. Following the capture of their employees' biometric data, Defendants use this data to compare the future scans of their employees' fingerprints into a punch-clock device. The punch-clock device scans each fingerprint and confirms that the employee punching in to work is who they claim to be. The collection of the punch-clock fingerprint entries is then used to confirm employees' presence.

5. Plaintiff and class members have not been notified where their fingerprints are being stored, for how long Defendants will keep their fingerprints, and what might happen to this valuable information.

6. The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

7. Unlike other forms of personal identification, such as photo IDs or passwords, fingerprints are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

8. If Defendants insists on collecting and storing their employees' fingerprints, Defendants must comply with BIPA. This includes (1) notifying employees the practice is taking place; (2) informing employees of how the practice is implemented; (3) obtaining written consent from the employees to collect and store their biometric data; (4) maintaining their employees' biometric data in a sufficiently secure manner; and (5) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

9. Unfortunately for Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff brings this action on behalf of herself and class members pursuant to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq*.

## JURISDICTION

10. This Court has jurisdiction over Defendants because Defendants have a base of operations in Illinois and do business extensively in Illinois. Furthermore, Defendants' unlawful conduct arose and was perpetuated in Illinois.

## VENUE

11. Venue is proper in this Court because Defendants are doing business in Urbana and have a base of operations in Urbana. Additionally, Defendants' unlawful conduct arose and was perpetuated while they were located in Urbana.

## PARTIES

### Plaintiff Katherine Miller

12. Plaintiff is a citizen of Illinois.

13. Plaintiff worked for Defendants from approximately March 2016 until March 2017.

14. Plaintiff worked for Defendants at their Amber Glen facility in Urbana, Illinois.

15. During the course of Plaintiff's employment with Defendants, she was subject to the same fingerprint-storing practices as other Defendants employees, outlined in further detail below.

### Defendants Jerry Erwin Associates LLC

16. Defendants Jerry Erwin Associates LLC and Amber Glen LLC are private, for-profit corporations organized under the laws of Washington.

17. Defendants operate retirement and assisted living communities in Illinois.

18. In order to operate these facilities, Defendants employs individuals like the Plaintiff.

## FACTUAL ALLEGATIONS

19. During the class period Defendants required certain employees to scan their fingerprints in order to clock in and out at Defendants' jobsites.

20. As part of this process, Defendants recorded and stored certain employees' fingerprint biometrics using fingerprint-scanning computer technology.

21. As part of this process, Defendants associated employees' biometric data with their personal identifying information, such as name and address.

22. Thus, Defendants caused the biometric data from employees' fingerprints to be recorded, collected, and stored.

23. Defendants did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored.

24. Defendants did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

25. Defendants did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff and class members' biometric data.

26. Defendants did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff and class members' biometric data.

27. Defendants did not disclose to the Plaintiff, class members, nor the public their written retention schedule and guidelines for permanently destroying employee biometric data.

28. Defendants did not disclose to Plaintiff or class member, in writing, of the specific purpose and length of term for which they were collecting, storing, and/or using class members' biometric information.

29. Defendants did not disclose to Plaintiff the identities of any third parties with whom Defendants was directly or indirectly sharing, disclosing, or otherwise disseminating class members' biometric information.

30. Upon information and belief, Defendants are storing their data in a manner less secure than they store other similarly sensitive data. Upon information and belief, Defendants store their employees' social security numbers (along with similar personal data) and confidential business records on personal computer systems with demonstrably more security than their fingerprint scanning machines possess. In addition to higher cyber security, Defendants' personal computer systems are in secure physical locations not as easily accessible to third-parties and Defendants employees.

## CLASS ACTION ALLEGATIONS

31. Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> ***"All individuals (1) who are Illinois citizens and (2) whose fingerprints Defendants collected or stored."***

32. Class treatment in this case is appropriate because:

   (a) The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined, Plaintiff is informed and believes that there are more than 100 class members;

   (b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

> i. Whether Defendants collected and recorded class members' biometric data;
>
> ii. Whether Defendants obtained any class members' written consent to collect their biometric data;
>
> iii. Whether Defendants' conduct violates the BIPA; and
>
> iv. Whether Plaintiff and class members are entitled to damages and/or injunctive relief.

(c) Given the nature of the employer-employment relationship, and the fact that Defendants' employees will likely risk their jobs and/or livelihoods to enforce their rights under BIPA, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

(d) The class representative, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendants and the Court.

(e) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendants.

33. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
**(Damages)**

34. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

35. Defendants recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of Defendants collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

36. Defendants violated Section 14/15(a) of the Act by failing to develop and/or make public its written policy to the Plaintiff and class members.

37. Defendants violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

    (a) The biometric data was being recorded, obtained, collected, or stored; and

    (b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

38. Defendants violated 14/15(e) of the Act by failing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information.

39. Defendants' conduct is at best negligent and at worst reckless.

40. Accordingly, Defendants are liable to Plaintiff and class members in the amount of liquidated damages or actual damages, whichever is greater. 740 ILCS § 14/20(1).

## COUNT II
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
### (Injunctive Relief)

41. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

42. The Act provides for injunctive relief. 740 ILCS § 14/20(4).

43. Plaintiff and class members are entitled to an order requiring Defendants to make disclosures consistent with the Act and enjoining further unlawful conduct.

44. Plaintiff seeks an order requiring Defendants to publicly disclose a written policy establishing the specific purpose and length of term for which class members' biometric data has been collected, stored, and used. Additionally, Plaintiff seeks a disclosure from Defendants relative to their policy of permanently destroying class members' biometric data. 740 ILCS § 14/15(a).

45. Plaintiff seeks an order requiring Defendants to disclose whether Defendants retained her or any other class members' biometrics, and, if so, when and how such biometrics were permanently destroyed.

46. Plaintiff seeks an order requiring Defendants to disclose to whom they have disseminated, sold, or transferred Plaintiff's and class members' biometric data.

47. Plaintiff seeks an order requiring Defendants to disclose the standard of care that they employed to store, transmit, and protect class members biometrics.

48. Plaintiff seeks an order enjoining Defendants from future violations of the Act.

49. Plaintiff and class members do not know what Defendants have done (or intends to do) with their biometric data. Injunctive relief is necessary to afford Plaintiff and class members the safety and peace of mind envisioned by the passage of the Act.

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in her favor against Defendants and issue an order:

a. Certifying this case as a class action, naming Plaintiff class representative and her counsel as class counsel;

b. Declaring that Defendants has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the Act;

d. Awarding statutory damages of $1,000 for each negligent violation of the Act;

e. Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

f. Awarding punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

g. Declaring that Defendants' conduct violated the Act;

h. Awarding reasonable attorneys' fees and costs of this action;

i. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

j. Awarding such other general and equitable relief as this Court deems equitable and just.

***Respectfully Submitted*,**

*/s/ William H. Beaumont*

Roberto Costales
William H. Beaumont
BEAUMONT COSTALES LLC
107 W. Van Buren #209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com

*Attorneys for the Plaintiff*